UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| G.C. and S.C., | ) | |
|  | ) | |
| Plaintiff, | ) | No. 4:22-CV-949 RLW |
|  | ) | |
| v. | ) | |
|  | ) | |
| AUTOMATED BENEFIT SERVICES, INC., et al., | ) | |
|  | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On July 7, 2022, Plaintiffs filed this action in the United States District Court, District of Utah.  (ECF No. 2).    Plaintiffs allege a claim under the Employee Retirement Income Security Act ("ERISA") for Recovery of Benefits under 29 U.S.C. §1132(a)(1)(B) (Count I), a claim for Violation of the Mental Health Parity and Addition Equity Act of 1996 ("MHPAEA") under 29 U.S.C. §1132(a)(3) (Count II), and  a request for Statutory Penalties against Ascension under 29 U.S.C. §1132(a)(1)(A) and (c) (Count III).

In the Complaint, Plaintiffs allege that "G.C. and S.C. are natural persons residing in Oakland County, Michigan.  G.C. is S.C.'s father."  (ECF No. 2, ¶ 1).  Plaintiffs note that "S.C. received medical care and treatment at Fulshear Treatment to Transition ('Fulshear') from July 1, 2019 to August 21, 2020. Fulshear is a treatment facility located in Texas, which provides sub-acute inpatient residential treatment and transitional living services to adolescents with mental health, behavioral, and/or substance abuse problems." (ECF No. 2, ¶ 7).  Plaintiffs fail to identify their real, full names, or state if S.C is a minor.  Plaintiffs have not filed a motion to proceed under a pseudonym or their initials, but state that "in light of the sensitive nature of the medical treatment

at issue, it is the Plaintiffs' desire that the case be resolved in the State of Utah where it is more likely their privacy will be preserved." (ECF No. 2, ¶ 11).  Thereafter, this case was transferred to the United States District Court, Eastern District of Missouri, because of a Forum Selection Clause in the Ascension SmartHealth Medical Plan.  (ECF Nos. 8, 9, 10).

"[T]he Federal Rules of Civil Procedure do not contemplate the anonymity of parties." *Doe v. Regis Univ.*, No. 1:21-CV-00580-NYW, 2021 WL 5056239, at *1 (D. Colo. Mar. 2, 2021)(citing *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998)).  Rule 10(a) provides that "title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a); *see also Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed, it seems contrary to [Rule] 10(a) which requires the names of all parties to appear in the complaint.").  Likewise, Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Pursuant to these rules, there is a "strong presumption against allowing parties to use a pseudonym." *W.G.A. v. Priority Pharmacy, Inc.,* 184 F.R.D. 616, 617 (E.D. Mo. 1999) (citations omitted); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009). "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3 (citation omitted); *see also Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir.1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Courts occasionally have recognized exceptions to the requirement that parties' names be stated in the case caption for various reasons, including cases involving, "limited 'matters of a sensitive and highly personal nature.'" *W.G.A.,* 184 F.R.D. at 617 (quoting *Heather K. v. City of*

*Mallard, Iowa,* 887 F. Supp. 1249, 1255 (N.D. Iowa 1995)).  However, there is no controlling authority in this Circuit as to when pseudonym may be used. Other federal courts of appeal and numerous district courts have "held that a totality-of-the-circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff, 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'" *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3 (quoting *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir.1992) (internal quotations and citation omitted)); *see also. Zavaras,* 139 F.3d at 803; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189 (2nd Cir. 2008); *Doe v. Advanced Textile Corp.* 214 F.3d 1058, 1068 (9th Cir. 2000); *EW v. New York Blood Ctr.,* 213 F.R.D. 108, 110 (E.D.N.Y.2003); *Heather K. v. City of Mallard, Iowa,* 887 F.Supp. 1249, 1255-56 (N.D. Iowa 1995). "The courts have identified several factors common to cases in which the plaintiff has been permitted to proceed under a fictitious name, including '(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading.'" *Roe v. St. Louis Univ.*, 2009 WL 910738, at *3 (quoting *Doe H.M. v. St. Louis County,* 2008 WL 151629 at *1 (E.D. Mo. Jan.14, 2008)(citing *Doe v. Frank,* 951 F.2d at 323)).

Although Plaintiffs generally reference the "sensitive nature of the medical treatment at issue," the parties have not filed a motion to proceed using a pseudonym or identified any factors that would warrant Plaintiffs to use only their initials.  *See Doe v. Regis Univ.*, No. 1:21-CV-00580-NYW, 2021 WL 5056239, at *1 (D. Colo. Mar. 2, 2021) ("Absent permission from the court to proceed anonymously, a case filed under a pseudonym can be dismissed for failure to comply with Rule 10(a)"); *Roe v. Doe*, 319 F. Supp. 3d 422, 426 (D.D.C. 2018) (quoting *Qualls*

*v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005)) ("'Pseudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner.'"); *see, e.g., Zavaras*, 139 F.3d at 803–04 (affirming trial court's dismissal of complaint for failure to comply with Rule 10(a) where plaintiff used a pseudonym). Therefore, the Court orders Plaintiffs to file a request for leave to proceed under pseudonym/initials no later than **Friday, September 23, 2022**. Plaintiffs must provide case law and factual support for their request.  In the alternative, Plaintiffs shall file an amended complaint, identifying the real parties at interest, no later than **Friday, September 23, 2022**.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall file a request for leave to proceed under pseudonym/initials no later than **Friday, September 23, 2022**. In the alternative, Plaintiffs shall file an amended complaint, identifying the real parties at interest, no later than **Friday, September 23, 2022.**  Failure to do so will result in the Court dismissing this action without prejudice for failure to follow this Court's Order.

Dated this 12th day of September, 2022.

                                                  */s/ Ronnie L. White*

                                       **RONNIE L. WHITE**
                                       **UNITED STATES DISTRICT JUDGE**