# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GERALD COHEN and SOPHIE COHEN, | ) |
| | ) |
| Plaintiffs, | ) No. 4:22-CV-949 RLW |
| | ) |
| v. | ) |
| | ) |
| AUTOMATED BENEFIT SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On October 20, 2022, Defendant Ascension Health Alliance ("Ascension") filed a Motion to Seal its Amended Disclosure of Organizational Interests Certificate. (ECF No. 30). Previously, the Court noted that, as part its own review, Ascension's Disclosure of Organizational Interests did not disclose all corporate parents, affiliates, LLC, LP members, and subsidiaries as well as the LLC and LP members of subsidiaries. The Court ordered Defendant Ascension to identify and disclose all corporate parents, affiliates, LLC, LP members, and subsidiaries as well as the LLC and LP members of subsidiaries.

Now, Ascension asks the Court to allow it to file its amended Organizational Interests Certificate under seal. Ascension seeks an order sealing from public disclosure the identity of disclosed subsidiaries, including several investment funds. In support of this position, Ascension cites the Gramm Leach Bliley Act, 15 U.S.C. §§ 6801-6809, as well as "various privacy agreements."

"There is a common-law right of access to judicial records" but the right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*,

453 U.S. 589, 597-98 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies....' " *Id.* at 1222. Courts must decide whether there are "sufficient grounds to override the common-law right of access to justify" sealing judicial records. *Id.* at 1223. "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, No. 4:19-CV-03410-SRC, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). In making that decision, the Court "consider[s] the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance the interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223 (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). The presumption in favor of public access to judicial records may only "be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)); *see also* E.D. Mo. L.R. 13.05(A)(4)(b)(i) (the movant bears the burden of demonstrating with "specific legal and factual" support that sealing is appropriate).

Ascension does not cite to any case law to support a position that information related to the identity of investors should remain confidential in the face of a court order requiring disclosure. Ascension simply argues that the privacy interests of entities who invested in these investment funds presents a "compelling justification" to place Ascension's Amended Disclosure of Organizational Interests under seal indefinitely. Ascension identifies the privacy statements provided to investors, but does not provide any case law to show that those statements take priority

over a court order for disclosure. Further, although Ascension argues that Plaintiff and the Court will not be prejudiced by filing this information under seal, Ascension does not address the public's right to access judicial records. *See, e.g., Wishah*, 2021 WL 3860328, at *3 ("Wishah does not make any real argument that the parties' interest in sealing the Court record outweighs the public's common-law right of access under *IDT Corp.*, 709 F.3d at 1222.").

Therefore, the Court orders Ascension to show cause and provide case law in support of its position that the Court should seal its amended Disclosure of Organizational Interests.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ascension shall show cause and provide specific case law demonstrating that it is appropriate to keep information related to its subsidiaries, including the the LLC and LP members of subsidiaries, private and under seal no later than **November 7, 2022**. Failure to do so will result in the Court imposing monetary sanctions for failure to follow this Court's Orders.

Dated this 24th day of October, 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**