UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

GERALD COHEN and SOPHIE COHEN,  )
                                         )
        Plaintiffs,                 )
                                         )
vs.                                    )      No. 4:22-cv-00949-RLW
                                       )
AUTOMATED BENEFITS SERVICES, INC.,)
BLUE CROSS and BLUE SHIELD OF    )
MICHIGAN, ASCENSION HEALTH      )
ALLIANCE, and the ASCENSION       )
SMARTHEALTH MEDICAL PLAN,     )
                                         )
        Defendants.           )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

COME NOW Defendants Automated Benefits Services, Inc. (ABS), Blue Cross and

Blue Shield of Michigan (BCBSMI), Ascension Health Alliance (Ascension), and the

Ascension SmartHealth Medical Plan (Plan) (Defendants), by and through undersigned

counsel, and submit the following Answer and Affirmative Defenses to Plaintiffs'

Amended Complaint:

## PARTIES, JURISDICTION AND VENUE

1.     Defendants lack sufficient information or knowledge to form a belief as to

the truth of the allegations contained in Sentence 1 of Paragraph 1 of Plaintiffs' Amended

Complaint. Defendants admit the allegations in Sentence 2 of Paragraph 1 of Plaintiffs'

Amended Complaint.

2.     Defendants deny the allegations contained in Sentence 1 of Paragraph 2. Defendants admit that BCBSMI performed third-party claims administrative services for Ascension and the Plan as is alleged in Sentence 2 of Paragraph 2 of Plaintiffs' Amended Complaint. The allegations regarding whether BCBSMI is a fiduciary consists of legal argument requiring no response.

3.     Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint.

4.     The allegations contained in Paragraph 4 of the Amended Complaint consist of legal argument requiring no response. To the extent that they can be construed as requiring a response, Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5.     Defendants admit that Ascension is the Plan Sponsor and Plan Administrator of the Plan. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint as worded.

6.     Defendants deny the allegations as worded in Paragraph 6 of Plaintiffs' Amended Complaint but admit that Plaintiffs were both Plan participants during the relevant time period.

7.     Defendants admit that Plaintiff Sophie Cohen (Sophie) received medical treatment at Fulshear Treatment to Transition. Except as so admitted, Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint.

4875-8410-2197, v. 2

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendants admit that venue is proper in this Court pursuant to the Plan's forum selection clause.

11. Defendants admit that Plaintiffs are seeking the relief described in Paragraph 11 of the Amended Complaint but deny that Plaintiffs are entitled to any of the benefits or other relief sought and deny each and every remaining allegation contained in Paragraph 11 of Plaintiffs' Amended Complaint.

## BACKGROUND FACTS

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint. The Court's review is constrained to the administrative record. To the extent they are contained in the administrative record, Sophie's medical records are in writing and speak for themselves.

13. Defendants admit that Plaintiffs submitted a level one appeal. Except as so admitted, Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

4875-8410-2197, v. 2

14.     Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

4875-8410-2197, v. 2

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

21.     Defendants admit that Plaintiffs' appeal was denied. Except as so admitted, Defendants deny the remaining allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint. The denial letter is contained in the administrative record, which is in writing and speaks for itself.

22.     Defendants admit that Plaintiffs' appeal was denied. Except as so admitted, Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint. The denial letter is contained in the administrative record, which is in writing and speaks for itself.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint. The denial letter is contained in the administrative record, which is in writing and speaks for itself.

24.     Defendants admit that Plaintiffs submitted a level two appeal. Except as so admitted, Defendants deny the remaining allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

4875-8410-2197, v. 2

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint. Plaintiffs' appeal is contained in the administrative record, which is in writing and speaks for itself.

30. Defendants admit that Plaintiffs' second level appeal was denied. Except as so admitted, Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint. The denial letter is contained in the administrative record, which is in writing and speaks for itself.

4875-8410-2197, v. 2

31.     Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint. The letter Plaintiffs sent Ascension on January 23, 2022 is in writing and speaks for itself.

34.     Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Amended Complaint. The letter Plaintiffs sent Ascension on January 23, 2022 is in writing and speaks for itself.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint. The letter Ascension's counsel sent Plaintiffs on April 14, 2022 is in writing and speaks for itself.

36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint. The letter Ascension's counsel sent Plaintiffs on April 14, 2022 is in writing and speaks for itself.

37.     Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint. The letter Ascension's counsel sent Plaintiffs on April 14, 2022 is in writing and speaks for itself.

4875-8410-2197, v. 2

38.     Paragraph 38 consists of legal arguments, which require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint.

39.     Paragraph 39 consists of legal arguments, which require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint.

41.     Paragraph 41 consists of legal arguments, which require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint. Defendants further state that the administrative record, to which this Court's review is constrained, is in writing and speaks for itself.

42.     Paragraph 42 consists of legal arguments, which require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint. Defendants further state that the administrative record, to which this Court's review is constrained, is in writing and speaks for itself.

43.     Paragraph 43 consists of legal arguments, which require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint. Defendants further state that the administrative record, to which this Court's review is constrained, is in writing and speaks for itself.

4875-8410-2197, v. 2

# FIRST CAUSE OF ACTION

## (Claim for Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B))

44.     Paragraph 44 consists of legal arguments, which require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint.

46.     Paragraph 46 consists of legal arguments, which require no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint.

50.     Defendants deny that Plaintiffs are entitled to any relief or remedies stated under Plaintiffs' causes of action.

4875-8410-2197, v. 2

## SECOND CAUSE OF ACTION

### (Claim for Violation of MHPAEA Under 29 U.S.C. § 1132(a)(3))

Defendants make no answer to the allegations contained in Count II (paragraphs 51 through 62) for the reason that Defendants have contemporaneously herewith filed a Motion to Dismiss Counts II and III of Plaintiffs' Amended Complaint.

## THIRD CAUSE OF ACTION

### (Request for Statutory Penalties Against Ascension Under 29 U.S.C. § 1132(1)(1)(A) and (c))

Ascension makes no answer to the allegations contained in Count III (paragraphs 63 through 67) for the reason that it has contemporaneously herewith filed a Motion to Dismiss Count III of Plaintiffs' Amended Complaint. The remaining Defendants make no Answer to Count III as it is not directed to them.

Defendants deny that Plaintiffs are entitled to any of the relief described in their WHEREFORE clause.

## AFFIRMATIVE DEFENSES TO COUNT I

1.      Further answering and by way of affirmative defense, Count I of Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

2.      Further answering and by way of further affirmative defense to Count I, any decision to deny the benefits sought in Count I was not arbitrary or capricious, and was supported by substantial evidence, under the discretionary authority conferred upon the Claims Administrators.

10

3.     Further answering and by way of further affirmative defense to Count I, Plaintiff Sophie Cohen was not eligible to receive additional health benefits pursuant to the express terms of the Plan.

4.     Further answering and by way of further affirmative defense to Count I, Plaintiffs failed to satisfy a condition precedent to receipt of Plan benefits.

5.     Further answering and by way of further affirmative defense to Count I, Plaintiffs failed to exhaust their administrative remedies under the Plan.

6.     Defendants reserve the right to assert additional affirmative defenses as they may appear.

WHEREFORE, having fully answered Count I of Plaintiffs' Amended Complaint, Defendants pray that this Court dismiss Plaintiffs' Amended Complaint in its entirety, and for such further relief this Court deems just and proper.

Dated:  October 25, 2022                         Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By:  ___/s/ Amy L. Blaisdell_____
          Amy L. Blaisdell, #51068
          David J. Wasserman, #72187
          10 S. Broadway, Suite 2000
          St. Louis, MO 63102
          Telephone:  (314) 241-9090
          Facsimile:  (314) 241-8624
          apb@greensfelder.com
          dwasserman@greensfelder.com

          *Attorneys for Defendants*

4875-8410-2197, v. 2

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian S. King
Brent J. Newton
BRIAN S. KING PC
420 E. South Temple Ste. 420
Salt Lake City, UT  84111
brian@briansking.com
brent@briansking.com
***Attorneys for Plaintiff***

/s/ Amy L. Blaisdell

4875-8410-2197, v. 2