UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD COHEN and SOPHIE COHEN,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTOMATED BENEFITS SERVICES, INC., BLUE CROSS and BLUE SHIELD OF MICHIGAN, ASCENSION HEALTH ALLIANCE, and the ASCENSION SMARTHEALTH MEDICAL PLAN,<br><br>Defendants. | Case No. 4:22-cv-00949-RLW |

**OPPOSITION TO PARTIAL MOTION TO DISMISS**

Plaintiffs Gerald and Sophie Cohen, through counsel, hereby oppose Defendants Automated Benefits Inc. ("ABI"), Blue Cross and Blue Shield of Michigan ("BCBSMI"), Ascension Health Alliance ("Ascension"), and the Ascension Smarthealth Medical Plan's (the "Plan") motion to dismiss Count III of Plaintiffs' complaint.[1]

### I. ANALOGOUS MEDICAL/SURGICAL GUIDELINES ARE DOCUMENTS UNDER WHICH THE PLAN WAS OPERATED.

Defendants argue that Plaintiffs' claims against Ascension fail because, while Defendants apparently concede that Ascension did not provide Plaintiffs with "the criteria for analogous medical and surgical facilities such as skilled nursing care[,]" Defendants argue that those

---

[1] Plaintiffs voluntarily withdraw Count II, their allegation that Defendants violated the Mental Health Parity and Addiction Equity Act.

1

criteria are not the sort of "documents under which the Plan was established or operated" contemplated by United States Code § 1132(a)(1)(A) and (c).[2]

Defendants rest this argument on *Brown v. American Life Holdings, Inc.*, which provides that a plan administrator is only required to provide "instruments which govern" an insurance plan, "rather than those which simply evidence its operation" upon receiving a timely request from a plan participant or beneficiary.[3] The criteria for medical and surgical facilities that Plaintiffs requested (and Ascension did not provide) are the latter.

29 C.F.R. 2590.712(d)(3) required Ascension to produce "instruments under which the plan is established or operated" which includes "information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits." The *Brown* court also explained the underlying statute requires production of "formal documents that establish or govern the plan."[4] Here, the medical/surgical criteria that Plaintiffs seek govern whether Defendants will determine that care at skilled nursing facilities is medically necessary, and accordingly govern whether claims will be paid under the terms of the Plan. A sister court in the District of Utah has found that these sorts of documents are "plainly within the scope" of the statute, because:

> The ERISA Parity Act regulations make clear that under the disclosure provision "[i]nstruments under which the plan is established or operated include documents with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used

---

[2] *See* ECF Doc. No. 35 at 13-14. Given *Ross v. Rail Car Am. Disability Income Plan*, 285 F.3d 735 (8th Cir. 2002), Plaintiffs withdraw their third cause of action as it relates to ABI and BCBSMI.
[3] 190 F.3d 856, 861 (8th Cir. 1999).
[4] *Id*.

2

to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan."[5]

Accordingly, the Court should not dismiss Plaintiffs' claim for statutory penalties against Ascension for failing to produce criteria for analogous medical/surgical facilities upon request.

DATED this 7th day of November, 2022

/s/ Brian S. King
Attorney for Plaintiffs

---

[5] *M.S. v. Premera Blue Cross*, 553 F. Supp. 3d 1000, 1034 (D. Utah 2021) (quoting 29 C.F.R. § 2590.712(d)(3)).

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all parties registered to receive CM/ECF filings in this case.

DATED this 7th day of November, 2022.

/s/ Brian S. King
Attorney for Plaintiffs